# BROOKS, BERNE & HERNDON PLLC

RICHARD BERNE.
RICHARD.BERNE@LAWBBH.COM
MAIN TELEPHONE NO.: (914) 364-2691

September 14, 2021

VIA ECF
Hon. John P. Cronan
United States District Court
Southern District of New York
500 Pearl Street, Room 1320
New York, New York 10007

Re:  *Martin John Stevens v. Alan J. Hanke, IOLO Global LLC, Guarantee Investment Trust, Sherry Sims, Sidney Mills Rogers III, Amy Roy-Haeger and John Does 1-100* (1:20-cv-08181)(JPC)

<u>Pre-Motion Letter Request to File Motion To Be Relieved as Counsel</u>

Dear Judge Cronan,

We represent defendants, Alan J. Hanke ("Hanke") and IOLO Global LLC ("IOLO") (Hanke and IOLO are sometimes collectively referred to herein as the "Defendants"), in the above matter. We write to seek leave of the Court to file a motion to withdraw as counsel for Defendants, Hanke and IOLO, for the reasons set forth in the annexed Declaration.

On October 2, 2020, Plaintiff commenced an action against the Defendants alleging, *inter alia*, breach of contract, fraudulent inducement, fraud, aiding and abetting, breach of fiduciary duties, aiding and abetting breach of fiduciary duties, violation of the Investment Advisers Act and breach of the financial guarantee. (*See e.g.*, Dck. No.: 2). On November 24, 2020, BBH appeared on behalf of Hanke and IOLO in this action. (Dck. Nos.: 38 and 41).

A. LEGAL STANDARD

Withdrawal of counsel is governed by Rule 1.4 of the Local Rules of the U.S. District Court for the Southern District of New York ("Local Rule 1.4"), which states, in pertinent part, "An attorney who has appeared as attorney of record for a party ... may not withdraw from a case without leave of the Court granted by order. Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal ... and the posture of the case, including its position, if any, on the calendar, and whether or not the attorney is asserting a retaining or charging lien." Local R. 1.4. Moreover, "[w]hether to grant or deny a motion to withdraw as counsel 'falls to the sound discretion of the trial court.'" *Cashdan v. Cashda*n, 243 A.D.2d 598, 598, 663 N.Y.S.2d 271.

B.  BBH SHOULD BE GRANTED LEAVE TO WITHDRAW AS COUNSEL

BBH seeks to withdraw as counsel due to Defendants' lack of cooperation, which renders BBH's representation unreasonably difficult and Defendants' non-payment of outstanding legal fees.  A lawyer may withdraw from representing a client if the client, by his or her conduct, "fails to cooperate in the representation or otherwise renders the representation unreasonably difficult for the lawyer to carry out employment effectively" Rules of Professional Conduct 22 NYCRR 1200.0. Satisfactory reasons for a lawyer to withdraw as counsel include failure to pay legal fees, a client's lack of cooperation-including lack of communication with counsel, and "the existence of an irreconcilable conflict between attorney and client. *Diarama Trading Co. v. J. Walter Thompson U.S.A., Inc.*, No. 01 CIV. 2950 (DAB), 2005 WL 1963945, at *1 (S.D.N.Y. Aug. 15, 2005).

Defendants' non-payment of legal fees constitutes a satisfactory basis to permit BBH's removal as counsel. The Second Circuit has acknowledged that "where the client 'deliberately disregarded' financial obligations," nonpayment of legal fees "may constitute 'good cause' to withdraw." *United States v. Parker,* 439 F.3d 81,104 (2d Cir. 2006) (quoting *McGuire v. Wilson,* 735 F. Supp. 83, 84 (S.D.N.Y. 1990). Although there is no clear standard for what may be considered a "satisfactory reason" for allowing a withdrawal, it seems evident that the non-payment of legal fees constitutes such a reason. *Blue Angel Films, Ltd. v. First Look Studios, Inc.*, No. 08 CIV. 6469 DAB JCF, 2011 WL 672245, at *1 (S.D.N.Y. Feb. 17, 2011); *Team Obsolete Ltd. v. A.H.R.M.A. Ltd.*, 464 F. Supp. 2d 164, 166 (E.D.N.Y. 2006). Defendants have an outstanding balance of $127,830.48 for legal services rendered. Continuing BBH's representation of Defendants while Defendants deliberately disregard their obligation to pay their legal fees will essentially force BBH to proceed *pro bono.* Standing alone this is sufficient grounds to grant leave to withdraw.  *Blue Angel Films, Ltd. v. First Look Studios, Inc.*, No. 08 CIV. 6469 DAB JCF, 2011 WL 672245, at *1 (S.D.N.Y. Feb. 17, 2011)(this Court has found that the failure to pay legal fees is a legitimate ground for granting a motion to withdraw as counsel, and counsel is not required to work *pro bono)*; *Cower v. Albany L. Sch. of Union Univ.*, No. 04 CIV. 0643 (DAB), 2005 WL 1606057, at *5 (S.D.N.Y. July 8, 2005).

Further, Defendants' lack of cooperation and communication after Thomas Herndon's departure from BBH on June 11, 2021 constitutes a satisfactory reason for the Court to grant counsel leave to withdraw as counsel. Under Rule 1.16(c)(7), a lawyer may withdraw where the client fails to cooperate in the representation or otherwise renders the representation unreasonably difficult for the lawyer to carry out employment effectively. Defendants ceased all communications with BBH and refused to provide their responses to Plaintiff's discovery demands in the related action, *Mohammed Thani A.T. Al Thani v. Alan J. Hanke, et al. (SDNY)(20-cv-4765)(JPC)*, as advised by counsel. On or about June 17, 2021 through July 8, 2021, BBH contacted Defendants via email to advise Defendants of their obligation to comply with Plaintiff's discovery demands. In complete disregard to advice of counsel, Defendants failed to comply with their discovery obligations. With these clear irreconcilable difference with the client, BBH contacted Defendants via email on July 13, 2021 to inquire whether Defendants wished to continue BBH's representation. Defendants wholly failed to respond to this email. As such, BBH sent a letter to Defendants via regular mail informing Defendants that we would be filing a notice of

removal if we do not receive a response to the letter. As of today's date, we have not received any response from Defendants.

### C. DEFENDANTS WILL NOT SUFFER ANY PREJUDICE

None of the parties will be prejudiced by BBH's withdrawal as counsel. In considering a motion to withdraw pursuant to Local Rule 1.4, the Court must also consider "the posture of the case," and whether "the prosecution of the suit is [likely to be] disrupted by the withdrawal of counsel. *Whiting v. Lacara*, 187 F.3d 317, 320--21 (2d Cir. 1999) (quotation and citation omitted). This matter has not been placed on the trial calendar yet. Discovery is still pending and is currently stayed as to Defendants as a result of Defendants' bankruptcy filing. *Brown v. Nat'l Survival Games, Inc.*, No. 91-CV-221, 1994 WL 660533, at *4 (N.D.N.Y. Nov. 18, 1994) (finding that because discovery is not complete, and the case is not presently scheduled for trial the Court granted the motion to withdraw as counsel). As stated above, it was Defendants' decision to refuse to respond to Plaintiff's discovery demands and to cease communications with their counsel. Thus, withdrawing at this juncture will not have any material adverse effect on Defendants' interests. It is submitted that withdrawal at this time would not prejudice Defendants.

### D. BBH ASSERTS A CHARGING LIEN FOR THE OUTSTANDING LEGAL FEES

Local Rule 1.4 compels an attorney requesting to withdraw to specify whether he or she is asserting a retaining or charging lien. BBH hereby asserts a charging lien for the outstanding legal fees. Under New York law, an attorney who is discharged is statutorily entitled to a charging lien on any monetary recoveries obtained by the former client in the proceedings in which the attorney had rendered legal services. Naguib v. Pub. Health Sols., No. 12 CV 2561 ENV LB, 2014 WL 2002824, at *1 (E.D.N.Y. May 15, 2014). Specifically, section 475 of the New York Judiciary Law states that from the commencement of an action the attorney who appears for a party has a lien upon his client's cause of action. N.Y. Judiciary Law § 475. The court upon the petition of the client or the attorney may determine and enforce the lien. N.Y. Judiciary Law § 475. In determining the amount of a withdrawing attorney's charging lien, "the outgoing attorney may either elect to take compensation on the basis of a fixed dollar amount, calculated based upon *quantum meruit* to approximate the reasonable value of his or her services, or, 'in lieu thereof, the outgoing attorney has the right to elect a contingent percentage fee based on the proportionate share of the work performed on the whole case. *Naguib v. Pub. Health Sols.*, No. 12 CV 2561 ENV LB, 2014 WL 2002824, at *2 (E.D.N.Y. May 15, 2014). We submit to the Court that BBH is entitled to $127,830.48 in outstanding legal fees from work performed during BBH's representation of Defendants.

For the foregoing reasons, it is impossible for BBH to continue its representation of Defendants and as such we respectfully seek leave of this Court to file a motion to withdraw BBH as counsel.

Respectfully Submitted,

Richard Berne, Esq.

CC:

All Parties via ECF

Alan J. Hanke
IOLO Global LLC
4121 Wyndwood Drive
Crystal Lake, IL 60014