UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------------X
                                          :

MOHAMMED THANI A.T. AL THANI,           :

                     Plaintiff,       :

                                            :                20 Civ. 4765 (JPC)

           -v-                        :

ALAN J. HANKE *et al.*,                    :

                                          :

                     Defendants.    :

                                            :
----------------------------------------------------------------------X
                                          :

MARTIN JOHN STEVENS,                  :

                     Plaintiff,       :

                                            :                20 Civ. 8181 (JPC)

           -v-                        :

ALAN J. HANKE *et al.*,                    :                <u>OPINION AND ORDER</u>

                     Defendants.    :

                                            :
----------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

       Plaintiff Mohammed Thani A.T. Al Thani filed an Amended Complaint against Defendants

Alan J. Hanke, IOLO Global LLC ("IOLO" and with Hanke, the "Hanke Defendants"), Sidney

Mills Rogers III, Laura Romeo, Amy Roy-Haeger, the SubGallagher Investment Trust (the

"Trust"), and Sherry Sims on September 25, 2020, alleging a violation of section 206 of the

Investment Advisers Act of 1940, 15 U.S.C. § 80b-6, along with several common law claims.  Dkt.

35 ("Amended Complaint").[1]  On December 11, 2020, Sims and the Trust moved to dismiss the

Amended Complaint for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure

---

[1] "Dkt. __" refers to the docket entries in *Al Thani v. Hanke*, 20 Civ. 4765 (JPC) (S.D.N.Y.).

12(b)(2).[2]  Dkt. 96 ("Motion").  While Sims and the Trust's Motion was pending, Sims filed for

bankruptcy in the United States Bankruptcy Court for the Northern District of Texas, with that

proceeding captioned *In re Sherry R. Sims*, 21-30467-MLV (Bankr. N.D. Tex.) ("Sims

Bankruptcy").  Dkt. 168.

On May 11, 2021, the Court granted Al Thani's request for jurisdictional discovery as to

the Trust and stayed the Motion as to the Trust only.  *See Al Thani v. Hanke*, No. 20 Civ. 4765

(JPC), 2021 WL 1895033, at *20 (S.D.N.Y. May 11, 2021) ("*Al Thani I*").  Due to the automatic

stay triggered by Sims's bankruptcy filing, the decision in *Al Thani I* did not resolve whether the

Court has jurisdiction over Sims and instead addressed only the portions of the Motion that pertain

to the Trust.[3]  On February 18, 2022, Plaintiffs informed the Court that the bankruptcy court in the

Sims Bankruptcy granted Plaintiffs' request for relief from the automatic stay "for the limited

purpose of allowing Plaintiffs to litigate their pending claims against Sims in their respective

proceedings in this Court," and that the automatic stay as to Sims was lifted for those purposes

effective February 2, 2022.  Dkt. 257 at 3, Exh. B.

---

[2] In addition to Sims and the Trust's Motion, the Hanke Defendants moved to dismiss for lack of personal jurisdiction pursuant to Rule 12(b)(2) or for failure to state a claim under Rule 12(b)(6), Dkts. 62-65, Roy-Haeger moved to dismiss for lack of personal jurisdiction or to transfer venue, Dkt. 82, and Rogers moved to dismiss for lack of personal jurisdiction, to dismiss or stay the claims against him pursuant to Rule 12(b)(6) or 9 U.S.C. § 3, respectively, pending arbitration, or to sever those claims pursuant to Rule 21 and transfer them to Georgia pursuant to 28 U.S.C. § 1404(a), Dkts. 97-99.  The Court has since resolved the motions filed by the other Defendants. *See* Dkts. 188, 231, 254.

[3] On March 19, 2021, Jeffrey S. Dweck, counsel for Defendants Sims and the Trust, filed a motion to withdraw as the Trust's counsel.  Dkt. 169.  The Court granted Mr. Dweck's motion to withdraw as counsel for the Trust on April 9, 2021.  Dkt. 178.  Because the Trust failed to obtain new counsel, on September 27, 2021, the Court denied without prejudice Sims and the Trust's Motion as it pertains to the Trust only.  On June 16, 2022, the Court granted Mr. Dweck's request to withdraw as counsel for Sims.  Dkt. 302.

In light of the lifting of the automatic stay as to Sims and for the reasons set forth in detail in *Al Thani I*, which granted Al Thani's request for jurisdictional discovery as to the Trust, the Court hereby grants Al Thani's request for jurisdictional discovery as to Sims and stays Sims's pending Motion seeking dismissal of the Amended Complaint for lack of personal jurisdiction. The parties shall meet and confer regarding the appropriate scope of any jurisdictional discovery, and shall file a letter by June 24, 2022 proposing a schedule for completion of that discovery. The Court will then set a schedule for jurisdictional discovery as well as for any supplemental briefing on the Motion after the completion of jurisdictional discovery.

SO ORDERED.

Dated: June 16, 2022
New York, New York

_____
JOHN P. CRONAN
United States District Judge