UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                                       :
MARTIN JOHN STEVENS,                                                   :
                                                                       :
                              Plaintiff,                               :
                                                                       :
               -v-                                                     :         20 Civ. 8181 (JPC)
                                                                       :
ALAN J. HANKE, *et al*.,                                               :         ORDER
                                                                       :
                              Defendants.                              :
                                                                       :
-----------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

As discussed at the conference on April 9, 2026, the Court enters final judgment in favor

of Plaintiff Martin John Stevens against Defendants IOLO Global LLC ("IOLO") and Guarantee

Investment Trust ("GIT"). With respect to IOLO, the Court reaffirms its June 5, 2025 Order

granting summary judgment to Stevens "in the amount of $1 million, plus prejudgment interest at

a rate of seven percent starting on July 16, 2020." *Al Thani v. Hanke*, No. 20 Civ. 4765 (JPC), No.

20 Civ. 8181 (JPC), 2025 WL 1591379, at *7 (S.D.N.Y. June 5, 2025).

With respect to GIT, on September 23, 2024, the Court granted summary judgment to

Stevens for $1 million while "reserv[ing] any determination on whether and to what extent GIT's

liability for $1 million is to be shared by IOLO or Hanke." *Al Thani v. Hanke*, No. 20 Civ. 4765

(JPC), No. 20 Civ. 8181 (JPC), 2024 WL 4265196, at *45 (S.D.N.Y. Sept. 23, 2024). As the Court

explained, under the surety bond agreement between Stevens and GIT, "GIT was obligated to

repay Stevens $1 million . . . within 180 days after it received notice of IOLO's default," but

although GIT received notice of such default "no later than August 18, 2020," GIT failed to pay

Stevens in accordance with the contract. *Id.* In reaching this decision, the Court applied New

York law, because even though the financial guarantee between GIT and Stevens contained a choice-of-law provision selecting Georgia law, there was no showing that the law of Georgia bore a "reasonable relationship" to the parties or the transaction. *Id.* (quoting *Welsbach Elec. Corp. v. MasTec N. Am., Inc.*, 859 N.E.2d 498, 500 (N.Y. 2006)). As relevant here, New York law provides for prejudgment interest at a rate of nine percent for breach-of-contract actions. N.Y. C.P.L.R. 5004(a). Thus, the Clerk of Court is respectfully directed to enter judgment for Stevens against GIT for $1 million plus prejudgment at a rate of nine percent beginning on February 14, 2021, which is 180 days after August 18, 2020. This judgment is without prejudice to GIT making any arguments that its liability should be offset by any payments made to Stevens by Hanke or IOLO. The Court herein makes no determination as to whether such an offset would be appropriate.

With respect to both IOLO and GIT, post-judgment interest shall accrue at the statutory rate pursuant to 28 U.S.C. § 1961 from the date judgment is entered until payment is made in full. The Clerk of Court is respectfully directed to enter judgment on the terms described above and close the case.

SO ORDERED.

Dated: April 14, 2026
        New York, New York

_____
JOHN P. CRONAN
United States District Judge

2